UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
EDGAR ENRIQUE MORENO-ORTIZ,

                Petitioner,                          ORDER TRANSFERRING CASE
                                                    AS PETITION FOR REVIEW
           - against -                             PURSUANT TO RIDA
                                                      04-CV-1956 (NGG)
JOHN D. ASHCROFT, UNITED
STATES ATTORNEY GENERAL,                    **NOT FOR PUBLICATION**
et al.,

                Respondents.
-----------------------------------------------X
GARAUFIS, United States District Judge.

On May 10, 2004, petitioner Edgar Enrique Moreno-Ortiz filed the instant petition challenging the validity of a final order of removal order issued against him on October 24, 2003, and a decision by the Board of Immigration Appeals dated February 8, 2004. Additionally, in an amended petition dated May 10, 2005, Moreno-Ortiz brought a challenge to the lawfulness of his detention by United States Immigration and Customs Enforcement. On May 24, 2005, the court issued an Order providing the parties with thirty (30) days to make submissions to the court regarding the impact of the Real ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, §106, 119 Stat. 231, on the petitioner's case. Both parties have now submitted their positions.

For the reasons that follow below, this court lacks jurisdiction over Moren-Ortiz's dual habeas claims that he (1) may not be deported and (2) may not be detained pending the resolution of his judicial appeals. The Real ID Act of 2005 deprived this court of jurisdiction to review the first claim, which must be transferred to the Court of Appeals for the Fifth Circuit.

1

The Supreme Court's decision in Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004), likewise established that jurisdiction to hear the second claim lies exclusively in the Northern District of Alabama, where Moreno-Ortiz is being detained.

I.  **The Real ID Act of 2005 ("RIDA") Requires that Moreno-Ortiz's Challenge to His Final Order of Removal Be Transferred to the Court of Appeals for the Fifth Circuit**

The enactment of RIDA on May 11, 2005, deprived this court of jurisdiction over Moreno-Ortiz's claim that he is not subject to removal from the United States. RIDA amended the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act. . . .

RIDA § 106(a)(1)(B).

Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion. Moreover, Congress explicitly provided that the RIDA provision requiring a district court to transfer any cases currently before it to the appropriate court of appeals would take immediate effect upon enactment. Specifically, RIDA § 106(c) states:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of

> the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

RIDA further clarifies that a petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA § 242(b)(2). Accordingly, this court is without jurisdiction to entertain any of Moreno-Ortiz's claims challenging the decision of the immigration authorities to remove him from the United States.

## II. Only the District Court for the District Where Moreno-Ortiz is Detained Has Jurisdiction over Moreno-Ortiz's Challenge to His Present Physical Confinement

This court also lacks jurisdiction to hear Moreno-Ortiz's claim that he should be released from immigration detention. In Padilla, the Supreme Court articulated a bright-line rule governing so-called "core habeas petitions"—those challenging the present physical confinement of the petitioner. With respect to such petitions, the Court held, "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 124 S. Ct. at 2718, 2722 (2004). Accord Deng v. Garcia, 352 F.Supp.2d 373, 375-76 (E.D.N.Y. 2005) (Garaufis, J.); Shehnaz v. Ashcroft, No. 04 Civ. 2578, 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004). Thus, despite Moreno-Ortiz's arguments to the contrary, the court is required to transfer this portion of his petition to the district of his confinement.

Moreno-Ortiz is currently detained at the Etowah County Detention Center in Gadsden, Alabama. Accordingly, jurisdiction over the portion of his habeas petition challenging his

present physical confinement lies only in the Northern District of Alabama.

## III. Conclusion

For the reasons set forth above, the claims contained in Moreno-Ortiz's petition may not be heard in this District. The Clerk of Court is therefore directed to transfer the portion of Moreno-Ortiz's petition challenging his final removal order to the United States Court of Appeals for the Fifth Circuit because the immigration judge completed Moreno-Ortiz's removal proceedings in Oakdale, Louisiana, which lies within the territorial jurisdiction of the Fifth Circuit. In accordance with direction provided by the Second Circuit for case transfers made pursuant to RIDA, I hereby issue a stay of deportation as to Moreno-Ortiz. The Court of Appeals for the Fifth Circuit may, of course, vacate this stay upon receipt of this petition, and the government may move for such relief before the Fifth Circuit.

The Clerk is also directed to transfer the portion of Moreno-Ortiz's petition challenging his confinement (docket entry #17) at the Etowah County Detention Center in Gadsden, Alabama to the Northern District of Alabama for further proceedings.

SO ORDERED.

Dated: August 9, 2005            /s/ Nicholas Garaufis
    Brooklyn, N.Y.            NICHOLAS G. GARAUFIS
                                                      United States District Judge