UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
EDGAR ENRIQUE MORENO-ORTIZ,

        *Petitioner*,　　　　　　　　　　　　MEMORANDUM & ORDER
　　　　　　　　　　　　　　　　　　　　　　　04-CV-1956 (NGG)
    - against -

JOHN D. ASHCROFT, UNITED
STATES ATTORNEY GENERAL,
et al.,

        *Respondents*.
-----------------------------------------------X
GARAUFIS, United States District Judge.

    Presently before the court is <u>pro se</u> Petitioner Edgar Moreno-Ortiz's "Motion for Reconsideration or to Alter and Amend the Court's August 9, 2005 Order Transferring Detention Claim to Northern District of Alabama" dated August 17, 2005.[1]  Moreno-Ortiz ("Petitioner"), who is currently confined in the Etowah County Detention Center in Gladsden, Alabama, seeks reconsideration of this court's transfer of his habeas corpus petition out of the Eastern District of New York.

## I.　　Procedural History

    Petitioner filed a habeas corpus petitioner pursuant to 28 U.S.C. § 2241 on May 10, 2004 challenging the validity of a final order of removal issued against him by the Board of Immigration Appeals.  In an amended petition dated May 10, 2005, the Petitioner additionally challenged the  lawfulness of his detention by the United States Immigration and Customs

---

[1] The court has also taken into consideration on this motion the Petitioner's September 10, 2005 "Addendum to Motion for Reconsideration" ("Pet.'s Addendum").

1

Enforcement. By Memorandum & Order ("M&O) dated August 9, 2005, I determined that this court lacked jurisdiction over Petitioner's dual habeas claims. I held that the Real ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, § 106, 119 Stat. 231, deprived this court of jurisdiction to review Petitioner's challenge to his removal order. In accordance with RIDA, I transferred that portion of his claim to the United States Court of Appeals for the Fifth Circuit. The Petitioner does not challenge this portion of my decision. With respect to Petitioner's challenge of his confinement, I held that the Supreme Court's decision in Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711 (2004), established that jurisdiction to hear the confinement claim rests exclusively with the district court in the district where Petitioner is being detained. Accordingly, I transferred this portion of Petitioner's habeas claim to the Northern District of Alabama. The Petitioner now moves for reconsideration of the order transferring his detention claim to the Northern District of Alabama.

## II. Standard to be Applied

As a preliminary matter, although the Petitioner did not specify the rule pursuant to which he moves for reconsideration, I will treat the motion as one made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within ten days of the decision for which reconsideration is sought. See Fed. R. Civ. P. 59(e); Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 136-7 (2d Cir. 2000) ("We have long held that a postjudgment motion made within 10 days after entry of judgment, if it involves reconsideration of matters properly encompassed in a decision on the merits, is to be deemed a motion to alter or amend the judgment pursuant to Rule 59(e) . . . ."); Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 401 (2d Cir. 2000) ("A postjudgment motion requesting alteration or amendment of the judgment but

denominated a motion under a Rule other than Civil Rule 59(e) is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the 10-day period allowed for a Rule 59(e) motion."); see also United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993) ("We conclude that a motion to reconsider a section 2255 [habeas] ruling is available, that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter . . . .").

A motion for reconsideration pursuant to Rule 59(e) may be granted only on the grounds that the court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "is not simply a second opportunity for the movant to advance arguments already rejected." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

As is set out in more detail below, Petitioner's Rule 59(e) motion is denied because he has not identified any issues of law or fact that require a different outcome in this matter.

### III. Discussion

The Petitioner raises five arguments in support of reconsideration. Each will be considered in turn.

#### A. The Real ID Act of 2005

The Petitioner argues that passage of RIDA has affected habeas corpus petitions brought

by immigrants challenging their detention. He takes issue, in light of RIDA, with this court's reliance on the case of Deng v. Garcia, 352 F.Supp.2d 373 (E.D.N.Y. 2005), in which I held – before the passage of RIDA – that a habeas petitioner's attack of the validity of his confinement during pendency of his challenge to a deportation order constituted a "core" habeas claim. In Deng, I transferred the petitioner's core habeas claim to the Middle District of Pennsylvania, the place of the petitioner's confinement, in accordance with the Supreme Court's decision in Padilla. Deng, 352 F. Supp. 2d at 375-6.

The Petitioner makes the following argument in his motion papers:

> Petitioner avers that in light of the REAL ID Act, divesting the District Court of jurisdiction over immigrant's Habeas petition, there is no longer a need to distinguish between a 'core' and 'no-core' habeas petition in immigration context. Therefore, to the extent the court relied on its decision in Deng v. Garcia, 352 F. Supp. 2d 373 (EDNY 2005). [sic] This decision no longer remains good law, because, in the aftermath of RIDA, Deng will only have challenges to his detention available on habeas petition.

(Petitioner's Motion for Reconsideration ("Pet.'s Mot.") at 2). The Petitioner's argument, that RIDA has somehow abrogated the "core" habeas petition distinction expressed in Deng, is without merit.

RIDA amended the judicial review provisions of section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an *order of removal* entered or issued under any

4

provision of this Act. . . .

RIDA § 106(a)(1)(B) (emphasis added).

Under RIDA, the circuit courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion. Congress also explicitly required a district court to transfer any case currently before it to the appropriate court of appeals. Specifically, RIDA § 106(c) states:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (*or the part of the case that challenges the order of removal, deportation, or exclusion*) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

RIDA § 106(c) (emphasis added). RIDA, by its express terms, affects only habeas claims which challenge orders of removal, deportation or exclusion. RIDA has no effect whatsoever on a so-called "core" habeas claim, in which a petitioner challenges his present physical confinement. The legislative history of RIDA makes this clear: "Moreover, [RIDA] section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." Conference Report, 151 Cong. Rec. H2813-02, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005).

As RIDA has not changed the review process of a core habeas claim, my decision in Deng remains sound. Indeed, since the passage of RIDA, I have consistently transferred core habeas challenges to the district of confinement, in accordance with Padilla. See e.g., Barnes v.

5

United States Immigration and Customs Enforcement, No. 05-CV-370, 2005 WL 1661652 (E.D.N.Y July 14, 2005); Ortega v. Gonzalez, No. 05-CV-2365, 2005 WL 1523783 (E.D.N.Y. June 28, 2005); Benabdelmoutaleb v. Ashcroft, No. 04-CV-3237, 2005 WL 1220934 (E.D.N.Y. May 20, 2005).

I conclude that RIDA provides no basis for reconsidering my decision to transfer Petitioner's claim to the Northern District of Alabama, and the Petitioner's motion on this ground is therefore DENIED.

### B. Rumsfeld v. Padilla

Petitioner's next argument concerns the Supreme Court's 2004 decision in Rumsfeld v. Padilla. In my initial transfer order, I determined that Padilla's "bright-line rule" governing core habeas petitions required that this portion of the Petitioner's claim be transferred to the district of confinement. Although the Petitioner cites to different cases in this motion to reconsider than he did initially, his assertion that Padilla does not mandate transfer remains unavailing.

The Petitioner's argument centers on Footnote 8 of Padilla. The Padilla Court stated that the "longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 124 S.Ct. at 2718. In a footnote to this statement, the Court wrote:

> In *Ahrens v. Clark*, we left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. The lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent. The Second Circuit discussed the question at some length, but ultimately reserved judgment in *Henderson v. INS*. Because the issue is not before us today, we again decline to resolve it.

Id. n.8 (internal citations omitted). The Petitioner asserts that the import of the Court expressly declining to decide the proper respondent to a "habeas petition filed by an alien detained pending deportation" is that the default rule – i.e. the immediate custodian rule – should not apply in the immigration habeas context. In his own words, Petitioner argues that "Padilla's articulation of bright-line governing so-called 'core habeas petition' is inapplicable to immigration habeas petition, whether such petition challenges deportation or 'detention.'" (Pet.'s Mot. at 2).

I do not read the footnote as saying as much. Rather, I find the reasoning of a recent decision from the Eastern District of Michigan compelling. In Parlak v. Baker, 374 F. Supp. 2d 551 (E.D. Mich. 2005), the court was similarly faced with the question of the proper respondent in an immigrant habeas petition challenging present physical confinement. The Michigan district court considered the effect of Footnote 8 and concluded, in effect, that to the extent that Footnote 8 suggests that the default immediate custodian rule does not apply in the immigration habeas context, that suggestion pertains only to a *non-core* challenge. See Parlak, 374 F. Supp. 2d at 556. Central to the Parlak court's reasoning was the fact that the Supreme Court, in the Padilla footnote, expressly declined to resolve the question left open in Ahrens v. Clark. See Padilla, 124 S.Ct. at 2718 n.8 ("In *Ahrens v. Clark*, we left open the question . . . Because the issue is not before us today, we again decline to resolve it.). "*Ahrens* involved challenges to final removal orders, not solely to detention orders. . . . Thus, the question left open [in Padilla] was the jurisdictional rules governing non-core alien habeas petitions, where a petitioner challenges something other than their present confinement. The Supreme Court did not address the proper respondent in a core challenge *involving an alien*." Parlak, 374 F. Supp. 2d at 556

7

(emphasis in original).

I follow the reasoning of the Michigan district court, and find that because the Supreme Court did not address the question of an immigrant habeas case raising a core challenge, the default rule of Padilla, i.e. that the proper respondent in Petitioner's case is his immediate custodian and jurisdiction over his confinement challenge lies only in the district of his confinement, applies in the present case.[2] See Padilla, 124 S.Ct. at 2718, 2722; see also, Deng, 352 F.Supp. 2d at 375-6.[3] Therefore, the Petitioner's motion for reconsideration on the grounds that Padilla does not mandate transfer is DENIED. Padilla controls, and the proper respondent to this claim is the warden of the facility where the Petitioner is confined. Consequently, this court lacks jurisdiction over the claim, and transfer to the Northern District of Alabama is required.

   C.    "Mixed-Petition" Argument

---

[2] I note that in Parlak the court determined that, in light of the fact that the Supreme Court did not address core habeas petitions in the immigration context, it was bound to follow the rule of the Sixth Circuit put forth in Roman v. Ashcroft, 340 F.3d 314 (6th Cir. 2003), which held that under the immediate custodian rule the INS District Director for the district where petitioner's detention facility is located is the proper respondent in a core immigration habeas petition. In Parlak, the court cited my decision in Deng v. Garcia to show that other courts in deciding such cases, in contrast, had found the proper respondent under the immediate custodian rule to be the warden of facility of detention, as opposed to the INS District Director. In the present case, I see no reason to depart from my reasoning in Deng.

[3] The Petitioner cites to the case of Abimbola v. Ridge, No. 04-CV-856, Slip Op. 2005 WL 588769 (D. Conn. March 7, 2005), to assert that "at least one court in this Circuit has exercised jurisdiction over a detention claim, even though the petitioner was detained [outside of the district]." (Pet.'s Mot. at 4). In Abimbola, the petitioner was indeed detained in the Etowah County Detention Center in Gladsden, Alabama (coincidentally, the same facility where the instant Petitioner is detained). There, the Connecticut District Court denied the petitioner's habeas petition as moot, and to do so – in a footnote – stated that it "assume[d], without deciding, that it ha[d] jurisdiction, even though Mr. Abimbola is detained outside the State of Connecticut." Abimbola, 2005 WL 588769, at n.1. Given that the district court merely assumed jurisdiction with no decision on the merits, only to dismiss the petition as moot, the case does not provide persuasive support for the Petitioner's position.

Petitioner also asserts that "the challenged detention is always pending deportation and is therefore inextricably tied to the administrative final order of removal, rather than the mere physical custody at issue in Padilla. (Pet.'s Mot. at 3). Petitioner's "mixed-petition" argument is without merit. See King v. Gonzalez, No. 02-CV-3847, 2005 WL 2271938 ( E.D.N.Y. Aug. 16, 2005) (Gleeson, J.). As Judge Gleeson stated in King v. Gonzalez, "I disagree that a petition challenging physical custody necessarily implicates a challenge to a removal order." Id. at *4. Indeed, I have already transferred the portion of Petitioner's claim challenging his removal order to the Fifth Circuit of Appeals, in accordance with RIDA, and that decision is not a part of the instant motion for reconsideration. I conclude that the Petitioner's argument that his custody challenge is "inextricably tied" to his removal order is without merit and does not provide a basis for reconsideration.

### D.     Eastern District Precedent

The Petitioner next urges that reconsideration is warranted by the precedent of two cases from this District: my unpublished decision in Brown v. Ashcroft, No. 02-CV-3954 (E.D.N.Y Feb. 16, 2005), and Judge Gleeson's decision noted above in King v. Gonzalez. (See Pet.'s Mot. at 4; Pet.'s Addendum at 1-2). These cases neither support the Petitioner's position nor merit reconsideration of my earlier decision.

The Petitioner is correct that in Brown "this court recently exercised jurisdiction over a [INA Section] 236(c) challenge to detention of an alien who is detained outside the territorial jurisdiction of this court." (Pet.'s Mot. at 4). In Brown, I did reach the merits of the petitioner's detention claim on a motion for reconsideration. However, in Brown, the government did not argue on the reconsideration motion that Padilla precluded me from exercising jurisdiction over

9

the claim. As the argument was never raised before the court, the case does not provide precedent which suggests that jurisdiction was proper. Moreover, and importantly, the government has been granted permission to argue the Padilla jurisdictional question once Mr. Brown's removal order becomes administratively final. (See 02-CV-3954 Docket Sheet ("ORDER re 36 letter from AUSA Margaret Kolbe requesting additional time once the petitioner's removal order becomes administratively final to brief remaining issues in the case, including the court's jurisdiction to hear the petitioner's claims. Application granted. Ordered by Judge Nicholas G. Garaufis on 6/27/05.")). My decision in Brown, therefore, provides no basis for granting the Petitioner's motion to reconsider in the instant action.

The Petitioner's reliance on Judge Gleeson's decision in King is similarly misplaced. The Petitioner asserts that "Judge Gleeson has now clarified that Padilla is inapplicable to petitions such as this one." (Pet.'s Addendum at 1). The King decision, however, does not hold as much. There, in factually analogous circumstances as those now before me, Judge Gleeson considered a Rule 59(e) motion for reconsideration of a decision to transfer Mr. King's habeas claim challenging present physical confinement to the district of his confinement in accordance with Padilla. Citing footnote 8 of Padilla, Mr. King (like the instant Petitioner) argued that the bright-line rule set forth in Padilla is not applicable to immigration based habeas claims. See King, 2005 WL 2271938, at *2. The Petitioner in the present case, Mr. Moreno-Ortiz, suggests that Judge Gleeson was persauded by the petitioner's argument and held in Mr. King's favor on that question. However, that is simply not the case.

What Judge Gleeson stated was only the following: "I agree with King that whether *Padilla* requires transfer of petitions challenging physical custody when brought by detained

10

aliens is properly before this court on a motion for reconsideration." Id. at *3. However, Gleeson ultimately determined that he did not have to decide that question becuase "[e]ven assuming that this Court has jurisdiction over King's petition, it would be transferred to the Western District of Louisiana based on considerations of venue." Id. Thus, though Gleeson accepted that Mr. King's argument was properly raised, he in no way adopted Mr. King's position. Thus, King provides no basis for reconsideration in the instant case.

### E. Interest of Justice Prong of Transfer Statute

Finally, the Petitioner argues that the "interest of justice prong of the transfer statute, favors the retention of this case in this district, especially since this has been pending for a while." (Pet.'s Mot. at 4). As a preliminary matter, the court is unaware of the existence of an "interest of justice prong of the transfer statute." See 8 U.S.C. § 1252. The Petitioner, however, has drawn the court's attention to the Third Circuit case of Bonhometre v. Gonzalez, 414 F.3d 442, 446 (3d Cir. 2005), to support his proposition. Bonhometre, however, arose in an entirely different procedural context and does not persuade me that justice will be disserved in the present case by transfer to the North District of Alabama.

In Bonhometre, the circuit court addressed the fact that "[i]n the Real ID Act . . . the Congress was silent as to what was to be done with an appeal from a district court habeas decision that is now pending before a court of appeals." Bonhometre, 414 F.3d at 446. The court determined that despite Congress's silence, its intent "to have all challenges to removal orders heard in a single forum (the courts of appeals)" was clear, and thus "those habeas petitions that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court." Id.

In the present case, Mr. Moreno-Ortiz points to Bonhometre because the Third Circuit decided to retain jurisdiction over Bonhometre's appeal notwithstanding the fact that his immigration proceedings had taken place within the jurisdiction of the First Circuit. The court explained as follows:

> [G]iven that this case has been thoroughly briefed and argued before us, and given that Mr. Bonhometre has waited a long time for the resolution of his claims, we believe it would be a manifest injustice to now transfer this case to another court for duplicative proceedings.

Id. at n.5.

In the instant matter, I find there would be no "manifest injustice" in transferring the Petitioner's claims out of the Eastern District of New York. The posture of the present case and that of Mr. Bonhometre's are easily distinguishable. The merits of Petitioner's claim have yet to be decided, and, although I recognize the Petitioner's ties to New York, the proper court to hear his detention claim is the Northern District of Alabama.[4] I therefore deny the Petitioner's motion to reconsider on interests of justice grounds.

## IV. Conclusion

The Petitioner has failed to "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by [this] court" in the initial decision. Carione v. United States, 368 F.Supp. 2d 196, 198 (E.D.N.Y. 2005) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)

---

[4] I note, as an aside, that the Petitioner's claim that "Habeas challenges to detention in the the Northern District of Alabama has [sic] languished in the court's docket for several months, while detention claims in [the EDNY] has [sic] been decided in a few weeks" is unsupported and not a concern on this motion. It does not alter my decision on the Petitioner's interest of justice argument.

(internal quotation marks omitted)).

Therefore, and for the reasons discussed above, the Petitioner's Fed. R. Civ. P. 59(e) motion for reconsideration of this court's order transferring his detention claim to the Northern District of Alabama is DENIED. The Clerk is directed to transfer the portion of Petitioner's habeas corpus petition challenging his confinement at the Etowah County Detention Center in Gladsden, Alabama (docket entry #17) to the Northern District of Alabama for further proceedings.

SO ORDERED.

Date: December 6, 2005  
      Brooklyn, New York

/s/  
NICHOLAS G. GARAUFIS  
United States District Judge