UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------X
EDGAR ENRIQUEZ MORENO-ORTIZ,


                Petitioner,                          <u>MEMORANDUM & ORDER</u>
                                                          04-CV-1956 (NGG)

        - against -

JOHN D. ASHCROFT, UNITED
STATES ATTORNEY GENERAL,
et al.,

                Respondents.
---------------------------------------------X
GARAUFIS, United States District Judge.

      <u>Pro se</u> petitioner Edgar Enriquez Moreno-Ortiz ("Petitioner") moves for reconsideration under Rule 60(b) of the Federal Rule of Civil Procedure ("Rule 60(b)") of this court's December 6, 2005 Order ("December 6 Order") rejecting his Rule 59(e) motion for reconsideration of this court's August 9, 2005 Order ("August 9 Order") transferring his detention claim to the Northern District of Alabama.  (Petitioner's Motion for Relief From the Court's Judgment of December 12, 2005 ("Pet. Mot.") at 1.)  Specifically, Petitioner alleges that he did not receive the December 6 Order until April 2006, and therefore moves this court to reissue its December 6 Order so that he may timely file an appeal to the Second Circuit.  (Pet. Mot. at 1-2.)  Additionally, Petitioner argues that the December 6 Order contained "legal and factual errors" requiring relief from the judgment.  (Pet. Mot. at 3.)  For the reasons set forth below, his petition is DENIED.  Familiarity with the facts of this case and all prior rulings is presumed.

**Analysis**

Petitioner brings this motion under Rule 60(b)(1), allowing relief from a final judgment where the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule 60(b)(6), which permits reconsideration for "any other reason justifying relief from the operation of the judgment." See Rule 60(b)(1), (6). A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id. Here, Petitioner cannot meet that burden.

As an initial point, this court declines to reissue its December 6 Order. This court's August 9 Order was an interlocutory transfer order. As such, it is unappealable. See Cruz v. Ridge, 383 F.3d 62, 64-65 (2d Cir. 2004); Michael v. INS, 48 F.3d 657, 661 (2d Cir. 1995). Therefore, even had Petitioner timely filed an appeal, it would have been barred on procedural grounds.

Petitioner's claim that this court's December 6 Order is based on "legal and factual errors" is similarly unavailing. (See Pet. Mot. at 3.) The majority of Petitioner's motion merely consists of restatements of arguments already fully briefed by the parties and addressed by this court in its December 6 Order. Specifically, Petitioner renews his claims that: 1) this court erred in relying on the Supreme Court's decision in Rumsfeld v. Padilla, 542 U.S. 426 (2004) to transfer his custody claim to the district of his confinement; 2) Footnote 8 of Padilla leaves open

2

the question of who the proper respondent is for immigrants challenging their present physical confinement; 3) the pending deportation is inextricably tied to the administrative final order of removal; 4) reconsideration is warranted by <u>Brown v. Ashcroft</u>, No. 02-CV-3954 (E.D.N.Y., Feb. 16, 2005) (Garaufis, J.), an unpublished decision, and <u>King v. Gonzalez</u>, No. 02-CV-3847, 2005 WL 2271938 (E.D.N.Y., Aug. 16, 2005); and, 5) his motion should be granted in the interests of justice because his unbriefed detention claim has been "languishing" in the Fifth Circuit.  (<u>See</u> Pet. Mot. at 3-8.)  These arguments were fully argued in Petitioner's initial motion for reconsideration and were addressed at length by this court in its December 6 Order.  (<u>See</u> December 6 Order at 6-12.)  Therefore, these arguments are not reviewable by this court in a Rule 60(b) motion.  <u>See</u> <u>Cody, Inc. v. Town of Woodbury</u>,179 F.3d 52, 56 (2d Cir. 1999) (affirming rejection of a rule 60(b) motion where motion merely reargued merits of the case); <u>see also</u> <u>Fleming</u>, 865 F.2d at 484 (holding that a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits.").

Petitioner now additionally claims that the effect of this court's holding is to allow the Government to "forum-shop by simply transferring aliens from this District to other District[s'] docket[s] without any adjudication."  (Pet. Mot. at 3-4.)  Petitioner's argument  relies solely on Justice Berzon's dissenting opinion in <u>Armentero v. INS</u>, 412 F.3d 1088, 1102 (9th Cir. 2005). This theoretical concern, however, hardly constitutes an "extraordinary circumstance[]" warranting relief.  <u>See</u> <u>Pichardo</u>, 374 F.3d at 55.

Therefore, for the reasons discussed above, the Petitioner's Rule 60(b)(1) and 60(b)(6) motion for reconsideration of this court's denial of reconsideration of this court's order transferring his detention claim to the Northern District of Alabama is DENIED.

SO ORDERED.

Date:  March 30, 2007                         /s/ Nicholas G. Garaufis____
            Brooklyn, New York                  NICHOLAS G. GARAUFIS
                                         United States District Judge